Filed 8/23/21  P. v. Rodriguez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC RODRIGUEZ,<br><br>    Defendant and Appellant. | D078274<br><br><br>(Super. Ct. No. SCS219199) |

APPEAL from an order of the Superior Court San Diego County, Timothy R. Walsh, Judge.  Reversed and remanded with directions.

John Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Seth Friedman, and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, a jury convicted Eric Rodriguez of conspiracy to commit assault and second degree murder (Pen. Code,[1] §§ 182, subd. (a), 187,

---

[1]    All further statutory references are to the Penal code.

subd. (a)).  The jury found true an alleged gang enhancement.  Rodriguez was sentenced to an indeterminate term of 15 years to life, plus 10 years for the gang enhancement.

Rodriguez appealed and this court affirmed the conviction but ordered the trial court to strike the 10-year term for the enhancement.  (*People v. Garcia et al.* (May 3, 2012, D058280) [nonpub. opn.].)

In 2019, Rodriguez filed a pro. per. petition for resentencing under section 1170.95.  The trial court appointed counsel, received briefing, reviewed the record of conviction, and then denied the petition by written order.

Rodriguez filed a timely notice of appeal.

Rodriguez contends the trial court engaged in impermissible factfinding in evaluating his petition at the prima facie stage of the review process.  The Attorney General agrees with Rodriguez, concedes the trial court erred, and asks the court to reverse the trial court's order and remand for an evidentiary hearing.  After a review of the record, we have concluded the parties have correctly analyzed this appeal.  We will accept the Attorney General's concession and reverse the trial court's order and remand with directions.[2]

## DISCUSSION

The trial court found Rodriguez not eligible for relief under section 1170.95 and explained its reasons in a written order.  The court stated:

> "The court has reviewed the petition for resentencing filed pursuant to newly enacted Penal Code section 1170.95, the return, and the reply, and finds that Petitioner has not made a prima facie showing that he or she is entitled to relief for the following reasons:

[2]     The facts of the offenses as found in the trial are fully set forth in our prior opinion.  We do not find it necessary to repeat them here.

2

"Petitioner was 'not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of first degree murder,' as described in subdivision (d) of Section 190.2.[ ]  (§189, subd. (e).)

"The Court has reviewed the trial court record of conviction and the trial transcript in this case.  At trial there was direct evidence presented by the prosecution from witnesses including Monica Cobian and Rosamelia Cordova that Petitioner shared Garcia's intent to kill the victim Ms. Granados and aided and abetted her murder by holding the victim Granados with gloved hands while Garcia—who was also wearing gloves—fatally stabbed her.  Holding the victim while she was being stabbed to death by Garcia demonstrates that Petitioner shared Garcia's criminal intent to silence Granados by killing her.

"The changes to sections 188 and 189 did not alter the law regarding the criminal liability of direct aider and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.' Here the evidence presented to the jury was that Petitioner, by directly aiding and abetting Garcia, shared Garcia's murderous intent.  Petitioner has not made a prima facie showing that Petitioner was not a direct aider and abettor and could not be convicted under amended sections 188 and 189.

"Accordingly, the Petition is denied.

"[¶] . . . [¶]

"IT IS SO ORDERED."

Section 1170.95, subdivision (c) provides:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has

3

requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The contention of the parties here is that the record of conviction does not, by itself, support a finding the petitioner was not eligible as a matter of law. Instead, they contend one has to examine the facts of the offense and the trial, weigh evidence and make credibility decisions, all of which cannot be done at the prima facie stage of the review process. We agree that factfinding is necessary to discern the petitioner's role in the crime and whether he was convicted on a now impermissible theory.

A trial judge may deny a resentencing petition at the prima facie stage if the record of conviction, without factfinding, establishes the petitioner is not eligible under the statute. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; *People v. Drayton* (2020) 47 Cal.App.5th 965, 972, 980-982.)

It is apparent from the trial court's written order, that the judge weighed and considered the evidence at the trial in reaching the conclusion Rodriguez was a direct aider and abettor who acted with the intent to kill. The fact of the conviction and this court's affirmance of the conviction based upon a substantial evidence analysis do not, without further examination and weighing of evidence, permit the court to find the petitioner's exact role and the theory of liability of conviction. It is not disputed that Rodriguez was not the actual killer. The jury instructed on one possible theory of liability based on the doctrine of natural and probable consequences. In short, determining

4

the petitioner's eligibility for relief under section 1170.95 requires the issuance of an order to show cause (OSC) and an evidentiary hearing as mandated by the statute.

## DISPOSITION

The order denying Rodriguez's petition for resentencing under section 1170.95 is reversed.  The case is remanded with directions to issue an OSC and conduct an appropriate evidentiary hearing.  We express no opinion about the proper outcome of such hearing.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


AARON, J.

5